O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYON THOMPSON, | ) | Case No. EDCV 07-1666-VAP (JCRx) |
| Plaintiff, | ) | |
| | ) | **[Motion filed on September 17, 2008]** |
| v. | ) | |
| | ) | |
| SPECIAL ENFORCEMENT, INC., a California corporation; ROBERT C. SANDOVAL, JR., an individual, and DOES 1 through 10, inclusive, | ) | **ORDER DENYING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Defense counsel's Motion to Withdraw came before the
Court for hearing on October 27, 2008.  Defense counsel
failed to appear at the hearing; Plaintiff's counsel did
not advance arguments at the hearing.  After reviewing
and considering all papers filed in support of, and in
opposition to, the Motion, the Court DENIES the Motion.
///
///

# I. BACKGROUND

Plaintiff Bryon Thompson filed a Complaint on December 19, 2007 against Defendants Special Enforcement, Inc. and Robert C. Sandoval, Jr.  The Complaint brings claims for violations of state and federal wage and hour laws.  Defendants filed an Answer on February 26, 2008.[1]

On July 29, 2008, Defendants filed a "Notice of Motion and Motion to Withdraw as Counsel of Record." Attached to the Motion were "Points and Authorities" and the declaration of Defendants' counsel, Timothy B. Liebaert ("Liebaert").  The filing of the Motion followed earlier attempts by Defendants' counsel to notice a motion to withdraw as counsel.  Counsel attempted to file such a motion on June 24, 2008, and July 28, 2008; both attempts were stricken by the Court for failure to adhere to the Local Rules governing the day on which motions are heard and the amount of notice that must be provided to opposing counsel.  (See Order to Strike Electronically Filed Documents, doc. no. 23; Minute Order Striking Motion to Withdraw as Attorney, doc. no. 30.)  Plaintiff filed timely Opposition.

///

///

---

[1]The Answer filed by Defendants uses the wrong case name in the caption; the case number and content of the document indicate it was drafted in response to Plaintiff's Complaint, however.

2

1    On August 25, 2008, the Court denied the Motion,
2  for: (1) failure to provide sufficient factual bases to
3  establish grounds for granting the Motion; (2) failure to
4  establish good cause for withdrawal of counsel required
5  by Local Rule 83-2.9.2.4; and (3) failure to notify a
6  corporate client of the consequences of withdrawal and
7  inability to appear <u>in pro se</u> required by Local Rule 83-
8  2.9.2.3.
9
10    Defendants filed a "Motion to Withdraw as Counsel of
11  Record (Second)" ("Second Motion") on September 17, 2008,
12  including "Points and Authorities" and the Declaration of
13  Timothy B. Liebaert ("Liebaert Declaration").  The Second
14  Motion was filed originally on September 16, 2008, but
15  was stricken for failure to adhere to the Local Rules
16  governing the day on which motions are heard and the
17  amount of notice that must be provided to opposing
18  counsel.  (<u>See</u> Response by the Court to Notice to Filer
19  of Deficiencies in Electronically Filed Document, doc.
20  no. 57.)  Plaintiff filed timely Opposition to the Second
21  Motion on October 10, 2008, as well as the Declaration of
22  Matthew F. Archbold ("Archbold Declaration").
23
24                    **II. LEGAL STANDARD**
25    Under the Local Rules, "[a]n attorney may not
26  withdraw as counsel except by leave of court."  Local
27  Rule 83-2.9.2.1; <u>see also</u> <u>Darby v. City of Torrance</u>, 810
28

F. Supp. 275, 276 (C.D. Cal. 1992).  "An application for
leave to withdraw must be made upon written notice given
reasonably in advance to the client and to all other
parties who have appeared in the action."  Local Rule 83-
2.9.2.1.  Where withdrawal of counsel will cause "delay
in prosecution of the case to completion," the moving
party must show "good cause" and that "the ends of
justice require" withdrawal.  Local Rule 83-2.9.2.4.

Moving counsel states, without citation to any
supporting authority that "the court <u>must</u> permit defense
counsel to withdraw.  Or in the alternative, if there is
any deficiency in the Motion the court <u>must</u> allow
sufficient time to reschedule the hearing of the Motion."
(Liebaert Decl. at ¶ 20 (emphasis added).)  This
contention lacks merit.  "The decision to grant or deny
counsel's motion to withdraw is committed to the
discretion of the trial court."  <u>Kassab v. San Diego
Police Dep't</u>, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29,
2008) (citing <u>Washington v. Sherwin Real Estate, Inc.</u>,
694 F.2d 1081, 1087 (7th Cir. 1982)).

**III. DISCUSSION**

Defense counsel claims he cannot communicate
effectively with his client, Mr. Sandoval, due to his
client's condition resulting from the death of his
daughter and father-in-law within the same week in April

2008.   (See Liebaert Decl. at ¶ 3-4.)   Counsel seeks to
withdraw as the Defendants' attorney of record because,
he argues, the "attorney-client relationship has been
broken to the point where it cannot be retrieved."
(Second Mot. at 3.)

     Plaintiff opposes Mr. Liebaert's Second Motion on
several grounds.   (See Opp'n.)   Generally, Plaintiff
argues that Mr. Liebaert has not provided sufficient
notice to his clients of his Motion, nor has he informed
his corporate client, SEI, of the consequence of its
inability to appear in pro se, or his individual client,
Mr. Sandoval, of the consequences of appearing in pro se
himself.   (See Opp'n at 5.)

     Local Rule 83-2.9.2.1 requires that counsel give
written notice be given to clients of any Motion for
Withdrawal.   Here, moving counsel sent written notice to
SEI and Mr. Sandoval, Jr. at 5905 Brockton Avenue, Suite
F, Riverside, CA 92506.   (See Second Mot. at 10 (Proof of
Service).)   Nowhere in Mr. Liebaert's Second Motion or
attached documents does he allege that this address is
where Mr. Sandoval or SEI normally receive mail service;
in fact there is no information provided to the Court
about this address whatsoever.   Mr. Liebaert has failed
to demonstrate to the Court that he has provided notice
to his clients of his Second Motion to Withdraw.

1      Next, Plaintiff argues that Mr. Liebaert has not

2  explained the consequences of his withdrawal effectively

3  to his clients.   In his Second Motion, Mr. Liebaert

4  quotes Local Rules 83-2.9.2.2 and 83-2.9.2.3, which

5  regulate the matter.[2]   (See Second Mot. at 4, 6.)   Mr.

6  Liebaert also states: "[I]f the party(ies) [sic] for whom

7  withdrawal is sought is a corporation or partnership and

8  counsel's motion to withdraw is granted, the corporate

9  party may not proceed per se [sic] and must obtain

10 counsel."  This description, although little more than a

11 perfunctory quotation of the Local Rules, is sufficient

12 notice nonetheless to Mr. Liebaert's client SEI of the

13 consequences of his withdrawal.   Counsel's Second Motion

14 does not provide any description of the consequences of

15 his withdrawal as to his individual client, Mr. Sandoval.

16 Under Local Rule 83-2.9.2.2, defense counsel need not

17 provide such information to Mr. Sandoval.   The Court

18 finds Mr. Liebaert has provided sufficient description of

19

20

---

21      [2] Local Rule 83-2.9.2.2 describes the consequences of
22 an attorney's withdrawal for individual clients; Local
   Rule 83-2.9.2.3 details the notice requirement of
23 withdrawal for corporate clients.   See L.R. 83-2.9.2.2
   ("Individuals.   When an attorney of record for any reason
24 ceases to act for a party, such party shall appear pro se
   or appoint another attorney by a written substitution of
25 attorney signed by the party and the attorneys"); L.R.
   83-2.9.2.3 ("Corporation or Unincorporated Associations.
26 An attorney requesting leave to withdraw from
   representation of a corporation or unincorporated
27 association shall give written notice to the corporation
   or unincorporated association of the consequences of its
28 inability to appear pro se....")

1   the consequences of his withdrawal to his clients, the

2   Defendants.

3

4       Finally, Plaintiff argues that Mr. Liebaert's Second

5   Motion should be denied because, if granted, the

6   litigation necessarily would be delayed.  (<u>See</u> Opp'n at

7   5.)  Local Rule 83.2.9.2.4 states: "Unless good cause is

8   shown and the ends of justice require, no substitution or

9   relief of attorney will be approved that will cause delay

10  in prosecution of the case to completion."

11

12      Based on the current schedule set for the litigation

13  during the scheduling conference on May 19, 2008, any

14  substitution of counsel at this stage necessarily would

15  delay the litigation.  Trial in this case is set for

16  January 27, 2009; it is now the end of October.  If the

17  Court were to grant defense counsel's Second Motion,

18  Defendant SEI would have to seek new counsel and

19  Defendant Sandoval would likely do the same, although he

20  could appear <u>in pro se</u>.

21

22      Obtaining new counsel may take some time and, given

23  the proximity of the trial date, the new counsel would

24  likely seek a continuance of the trial date to become

25  familiar with the case.  The new counsel certainly would

26  seek a continuance of an application for Default

27  Judgment, which the Court anticipates Plaintiff will file

28

1   shortly given Magistrate Judge Johnson's entering of
2   Default against Defendants on October 9, 2008.  Viewing
3   the totality of the circumstances in this case, Plaintiff
4   would be prejudiced by the delay caused by Mr. Liebaert's
5   withdrawal.

6

7       Defense counsel argues there is good cause for his
8   withdrawal.  He states, "[d]ue to unforeseen events the
9   attorney-client relationship has been broken to the point
10  where it cannot be retrieved." (See Second Mot. at ¶ 1.)
11  Defense counsel testifies in his declaration that he has
12  not been able to communicate effectively with Mr.
13  Sandoval since the deaths of Mr. Sandoval's father-in-law
14  and seventeen-year-old daughter within one week of each
15  other in April 2008.  (See Liebaert Decl. at ¶ 4.)
16  According to Mr. Liebaert, his representation has been
17  complicated further by a "possible divorce proceeding
18  between Robert Sandoval and Maria Sandoval." (Id. at ¶
19  14.)  Finally, Mr. Liebaert testifies: "Most recently, on
20  August 28, 2008, I reached Mr. Sandoval to discuss
21  [P]laintiff's Motion to Compel Discovery that was set for
22  that same date.  It was, again, apparent to me that due
23  to Mr. Sandoval's present condition that he is unable not
24  [sic] assist me with the defense of this case." (Id. at
25  ¶ 16.)
26  ///
27  ///
28

8

Plaintiff points out that Mr. Liebaert has made no arguments that he cannot continue to represent SEI, the corporation.  (See Opp'n at 6.)  Mr. Liebaert says nothing about his ability or inability to represent SEI. Although Mr. Liebaert's representation of SEI is intertwined with his representation of Mr. Sandoval, who is the president of SEI, the Court finds he can continue to represent the corporation, which apparently continues to operate despite Mr. Sandoval's current condition.

The Court does not doubt that Mr. Sandoval's condition is creating a challenge for Mr. Liebaert's representation in this case.  It would be inequitable to allow Liebaert to avoid his responsibility for his client in this case simply because the representation is difficult; the difficulty posed to counsel is outweighed by the prejudice to Plaintiff in the form of delaying the litigation – or worse -- that would be caused by counsel's withdrawal.  These circumstances do not amount to "good cause" for withdrawal.  The interest of justice requires the Court to deny this Second Motion.

///
///
///
///
///
///

1                    **IV. CONCLUSION**

2        For the foregoing reasons, the Second Motion to

3  Withdraw is DENIED.

4

5  Dated:  _October 27, 2008_     _____

6                                VIRGINIA A. PHILLIPS
                                  United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28